IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-001953-BNB

ANTHONY HERNANDEZ

     Applicant,

v.

STEVE HARTLY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

## ORDER

     This matter is before the Court on Respondents' Motion for Leave to File Motion to Dismiss (Doc. No. 14) filed on October 11, 2011. On August 26, 2011, the Court ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents were directed not to file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to the Court's August 26 Order.

     In the Motion for Leave to File Motion to Dismiss, Respondents seek leave to file a motion to dismiss limited to addressing the affirmative defense of timeliness. Respondents allege that this action clearly is time-barred and that, because the Attorney General's files from Applicant's direct appeal and the appeal of other postconviction motions have been destroyed as part of routine file management,

obtaining copies of the documents necessary to address exhaustion of state remedies would be an expensive endeavor.

Applicant responded to the Motion for Leave. He argues that Respondents' motion to dismiss defies the August 26 Order to File a Pre-Answer Response. Applicant asserts that he filed a postconviction motion, out of time, on February 16, 1999, and demonstrated extraordinary circumstances which prevented him from filing a postconviction motion in a timely manner. He, nonetheless, fails to assert with specificity the steps he took to pursue his federal claims. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Applicant bears the burden of demonstrating that equitable tolling is appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Under these unusual circumstances, the Court agrees that Respondents should be allowed to file a motion to dismiss limited to addressing the affirmative defense of timeliness. Applicant may respond to the Respondents' Motion to Dismiss and demonstrate that equitable tolling is appropriate. Accordingly, it is

ORDERED that Respondents' Motion for Leave to File Motion to Dismiss (Doc. No. 14) filed on October 11, 2011, is granted. It is

FURTHER ORDERED that Applicant may file a Response to the Motion to Dismiss **within twenty-one days** from the date of this Order.

DATED November 21, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge