IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-001953-BNB

ANTHONY HERNANDEZ,

      Applicant,

v.

STEVE HARTLY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Anthony Hernandez, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Hernandez is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility in Crowley, Colorado.  Mr. Hernandez is challenging the validity of his conviction and sentence in Denver County District Court Case No. 93CR2625.

      On August 26, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On October 11, 2011, Respondents filed a Motion for Leave to File Motion to Dismiss, Doc. No. 14, and a Motion to Dismiss, Doc. No. 15.  In response to the Motion fo File, Mr. Hernandez filed a "Motion to Order Respondents to Answer and

Address all Issues Raised in 2245 [sic] Motion," Doc. No. 16.  Magistrate Judge Boland granted Respondents' Motion for Leave to File Motion to Dismiss.

The Court reviewed the Motion to Dismiss, found discrepancies in Respondents' citations, and directed Respondents to supplement the Motion to Dismiss with necessary corrections.  Respondents filed an Amended Motion to Dismiss, Doc. No. 20, and in response to the Amended Motion, Mr. Hernandez filed a Motion to Deny Amended Motion to Dismiss, Doc. No. 21.

The Court must construe liberally the Application and all responses filed by Mr. Hernandez because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will grant Respondents' Amended Motion to Dismiss and dismiss the action.

Mr. Hernandez was convicted by a trial jury of aggravated robbery, robbery, second degree kidnapping, first degree assault, and two counts of menacing in the Denver District Court on February 10, 1994, and was sentenced on March 14, 1994, to a total of 134 years in the DOC.  Mot. to Dismiss, Ex. A at 10-11.  His sentence was affirmed on appeal on September 26, 1996, Ex. B at 1, and his petition for certiorari review was denied on May 21, 1997, *id.* at 2.

Respondents argue in the Amended Motion to Dismiss that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

2

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

      (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents specifically contend that the one-year limitation period began to run on August 20, 1997, the day after Mr. Hernandez's conviction became final and that, although Mr. Hernandez filed many postconviction motions and appeals, the one-year limitation period expired before Mr. Hernandez filed his first postconviction motion on February 10, 1999.

To apply the one-year limitation period, the Court first must determine the date on which Mr. Hernandez's conviction became final.  Respondents have attached a copy of the Register of Actions for the Denver District Court Case No. 93CR2625 and the Colorado Court of Appeals (CCA) Case No. 94CA616.  *See* Am. Mot. to Dismiss at Apps. A and B.  Mr Hernandez does not disagree with the entries on the Registry.

According to the Denver District Court Register, Mr. Hernandez was sentenced on either March 14 or March 15, 1994.  App. A at 10.  Mr. Hernandez's petition for certiorari review in his direct appeal was denied on May 21, 1997.  *Id.*, App. B at 2.  Although Mr. Hernandez did not file a petition for a writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days to do so after the Colorado Supreme Court (CSC) denied his petition for certiorari review.  *See* Sup. Ct. R. 13.1.  Therefore, calculating from May 22, 1997, the day after the writ for certiorari was denied, Applicant's conviction became final August 19, 1997, when the time for seeking review in the United States Supreme Court expired.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing  *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

The first postconviction motion was entered on the Denver District Court Register on February 10, 1999.  *See* App. A at 4.  Mr. Hernandez does not disagree with this entry.  In fact, he concedes that the motion for reduction of sentence was filed "out of time" on February 10.  He appears to argue that the time from August 20, 1997, the day after his conviction and sentence became final, until February 9, 1999, the day prior to when he filed a motion for reduction of sentence, should be equitably tolled based on extraordinary circumstances.  *See* Oct. 31, 2011 Resp. at 2.  Mr. Hernandez also claims

4

that his postconviction motion still remains pending in state court because the district

state court has not entered a final order in the motion. *Id.*

"Only state petitions for post[ ]conviction relief filed within the one year allowed by

AEDPA will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th

Cir. 2006); *see also* 28 U.S.C. § 2244(d)(2).  The February 1999 motion was not filed

within the one-year time limitation that ran from August 19, 1997, the day after Mr.

Hernandez's conviction and sentence became final, until August 19, 1998.  The Court,

therefore, finds that the one-year time limitation ran on August 19, 1998, and the action

is time-barred.

"[T]he timeliness provision in the federal habeas corpus statute is subject to

equitable tolling." *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010).  "[A] petitioner is

entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented

timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Yang v.*

*Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008) (" 'Equitable tolling is a rare remedy to be

applied in unusual circumstances, not a cure-all for an entirely common state of

affairs.' ") (quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)).  The inmate must allege

with specificity the steps he took to pursue his federal claims. *Yang*, 525 F.3d at 930.

Finally, the inmate bears the burden of demonstrating that equitable tolling is

appropriate. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

In addition, equitable tolling may be appropriate if the inmate is actually innocent

or if the inmate actively pursues judicial remedies but files a defective pleading within

the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).  "[A]

5

sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010).

Nothing Mr. Hernandez states in either his Application or his two pleadings filed in response to the Motion to Dismiss and the Amended Motion to Dismiss, Document Nos. 18 and 21, supports a finding for equitable tolling. Mr. Hernandez does not allege that he is actually innocent, and he fails to assert with any specificity how he pursued his claims diligently or what extraordinary circumstances prevented him from filing the instant action in a timely manner. His claims of due diligence and extraordinary circumstances are vague referrals to the number of motions and appeals that he filed with the state courts.

Mr. Hernandez, however, does provide a copy of a state court order that allowed him to file his motion for reduction of sentence out of time. The order alone does not meet the requirements under *Yang* that Mr. Hernandez must state with specificity the steps he took to diligently pursue his claims. Even if the Court were to find that extraordinary circumstances existed to toll the time for purposes of § 2244(d) from August 20, 1997, until February 9, 1999, the Application still is time-barred.

Mr. Hernandez does not disagree that the CCA dismissed his last appeal regarding his postconviction motion on April 14, 2008. He even attached a copy of the order to Document No. 16. Mr. Hernandez, however, contends that the CCA's dismissal of his appeal was due to the state district court's failure to enter a final judgment in his postconviction motion. He also asserts that when he challenged the

nonfinal judgment in the state district court the judge still failed to enter a final judgment. Mr. Hernandez further contends that the state district court's entry on May 12, 2008, regarding his postconviction motion, was not a final order but just a response to a letter that he had written to the chief judge of the state district court.  The entry at issue states "Order Judge Larry J. Naves Letter to Deft In Response to Deft Letter to Chief Judge, after Review Of The File The Ct Finds That All Issues Raided [sic] By Deft Have Been Ruled On And Finds There Are No Pending Motions."  App. A at 3.

Even if the May 12 docket entry is insufficient to find a final judgment was entered in Mr. Hernandez's postconviction motion, Mr. Hernandez did not appeal the May 12 Order, nor did he file any further challenges to the order other than a June 18, 2008 letter.  If Mr. Hernandez believed the May 12 order was not a final judgment his failure to take reasonable steps to secure an expeditious ruling on his postconviction motion resulted in the motion's abandonment.  *See People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988) (defendant deemed to abandon a Rule 35(b) post-conviction motion when he does not "take reasonable efforts to secure an expeditious ruling on the motion"); *People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (rule for abandonment used in *Fuqua* applied to Rule 35(c) postconviction motion).

Mr. Hernandez is required to pursue his claims diligently.  He did not appeal the state district court's May 12 order and only now after three years seeks to pursue his claims in this Court.  The Court finds Mr. Hernandez has abandoned any postconviction motion in state district court and has failed to show due diligence in pursuing his claims. The Court, therefore, finds that this action is time-barred.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hernandez files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that Respondents' Motion to Dismiss, Doc. No. 15, and Amended Motion to Dismiss, Doc. No. 20, are granted. It is

FURTHER ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that Mr. Hernandez's "Motion to Order Respondents to Answer and Address all Issues Raised in 2245 [sic] Motion," Doc. No. 16, is denied. This Motion was addressed in the Court's November 21, 2011 Order granting Respondents' Motion to Dismiss.

DATED at Denver, Colorado, this __12th__ day of ___April___, 2012.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court